**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**CASE NO.:**

| | |
|---|---|
| **MASIKA DUCREAY**, on behalf of herself and all others similarly situated individuals,<br><br>**Plaintiff,**<br>v.<br><br>**LAW OFFICES OF CRYSTAL MORONEY, PC, CRYSTAL MORONEY, and JOHN DOE,**<br>**Defendants.** | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, by and through her attorney, Abel L. Pierre, Esq., as and for her complaint against the Defendants LAW OFFICES OF CRYSTAL MORONEY, PC (hereinafter "Crystal"), CRYSTAL MORONEY (hereinafter "Ms. Moroney") and JOHN DOE, alleges as follows:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. Plaintiff brings this action on all causes of action on behalf of herself and the members of a class pursuant to Federal Rule of Civil Procedure 23.

### II. JURISDICTION

3. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k ("FDCPA") and 28 U.S.C. § 1331.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

## III. ALLEGATIONS AS TO PARTIES

4. Plaintiff, Masika Ducreay, ("Ducreay") is a natural person residing in New York County, State of New York.

5. Ducreay is a "consumer" as said term is defined under the FDCPA, 15 U.S.C. § 1692a(3).

6. Upon information and belief, Defendant LAW OFFICES OF CRYSTAL MORONEY, PC is a domestic professional corporation that did transact, and does now presently transact business in the State of New York.

7. Defendant Crystal is authorized to conduct business in the State of New York through its professional business address of 17 Squadron Blvd, Suite 303, New City, New York 10956.

8. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Crystal possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

9. According to its professional website https://www.crystalmoroneylaw.com/, Crystal identifies itself as a debt collector.

10. Upon information and belief, the principal purpose of Crystal is the collection of debts using the legal system, and instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

11. Based upon the allegations in the ¶¶ 7-10, Crystal is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

12. Upon information and belief, Defendant CRYSTAL MORONEY is a natural individual, an attorney and owner of the "debt collector" Crystal, a main financial beneficiary of "debt collector" Crystal, an individual with a principal place of business located at "debt collector" Crystal, and/or controls and/or supervises the debt collection activities of "debt collector" Crystal.

13. Ms. Moroney therefore is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Ms. Moroney is a debt collector as defined by 15 U.S.C. § 1692a(6) and Ms. Moroney is accordingly liable for the acts of Defendant Law Offices of Crystal Moroney, PC.

14. Upon information and belief, Defendant JOHN DOE is a natural individual and an agent or employee of Defendant Law Offices of Crystal Moroney, PC.

15. Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from Plaintiff.

16. Defendants are subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## IV. FACTUAL ALLEGATIONS

17. Plaintiff adopts and realleges the foregoing as fully restated herein.

18. Prior to the commencement of this action, Plaintiff allegedly incurred a financial obligation to Yonkers Raceway that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

19. Sometime thereafter, on a date unknown to Plaintiff, the debt was consigned, placed or otherwise transferred to Global Payments Check Services, Inc. (hereinafter "Global") for collection from Ducreay.

20. Upon information and belief, Plaintiff's debt incurred with Yonkers Raceway was $650.00.

21. Upon said debt being consigned to Global, Plaintiff went ahead and paid a portion of her debt to Global.

22. Sometime thereafter, Plaintiff contacted Global again to make another payment towards her debt and was told that the debt was now in the hands of Defendants Law Offices of Crystal Moroney, PC.

23. Plaintiff first contacted Defendant Crystal in February 2018 after numerous voice messages to her from Defendant Crystal. This was Plaintiff's first communication with the Defendants regarding a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

24. Plaintiff was able to get someone on the phone who called himself "Chuck". "Chuck" stated to Plaintiff that she was calling the Law Offices of Crystal Moroney and he went on to identify Plaintiff by name, without Plaintiff even identifying herself.

25. "Chuck" then proceeded to tell Plaintiff that she owed $980.00 on the debt. When Plaintiff notified him that she owed $650.00 and had already paid a portion. "Chuck" then stated in emphatic terms that the additional $330.00 were for fees.

26. Plaintiff then requested from "Chuck" that something be sent in writing explaining the $330.00 in fees. Chuck replied that he would not send Plaintiff anything in writing at all.

27. Subsequently, Plaintiff requested that a settlement agreement or payment plan be reached, which will enable her to make monthly payments.

28. Plaintiff was informed by "Chuck" that there would be no agreement or payment plan because he knows she can afford the $980.00.

29. Defendants never sent Ms. Ducreay a thirty (30) day validation notice as required by 15 U.S.C. § 1692g.

30. Defendants never obtained a written agreement from Ms. Ducreay authorizing them to collect fees and costs associated with this debt.

31. There is no legally enforceable agreement between Ms. Ducreay and the original creditor which would authorize the fees and costs that Defendants attempted to collect.

32. In light of the facts articulated herein, Defendants utilized false and deceptive means to coerce Plaintiff into paying an invalid debt.

33. In light of the facts articulated herein, Defendants utilized false and deceptive means in an attempt to oppress and harass Plaintiff into paying an invalid debt.

34. In light of the facts articulated herein, Defendants attempted to collect a debt by communicating false representations or utilizing deceptive means.

35. In light of the facts articulated herein, Defendants attempted to collect a debt by attempting to collect fees and costs that are not authorized by a contract or law.

36. In light of the facts articulated herein, Defendants engaged in collection activity, the purpose of which was to harass the Plaintiff.

37. In light of the facts articulated herein, Defendants failed to send Plaintiff a thirty day validation notice within five days of the initial communication.

38. Defendants' activity on these occasions were a communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(2), 1692f, 1692f(1) and 1692(g) amongst others.

39. Plaintiff commenced this action within one year of the unlawful actions and/or within one year of reasonably knowing of the unlawful actions of Defendants.

40. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, Defendants is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendants herein.

## V. PRACTICES OF THE DEFENDANTS

41. It is or was the policy and practice of Defendants to collect alleged debts from consumers in such a manner where Defendants utterly fails or simply refuses to send to consumer a 30-day validation notice within five days of the initial communication as required under the law.

42. It is or was the policy and practice of Defendants to collect or attempt to collect fees and costs from unsuspecting consumers not permitted or authorized by law.

43. Said practices and policies of Defendants are deceptive representations, which contradicts the consumers' rights.

44. That the Defendants intentionally and knowingly and/or carelessly and recklessly seek to collect alleged debts for the sole purpose of harassing consumers and coercing payment and collecting debts which they know or should know that the consumers do not owe.

45. Defendants' conduct violates 15 U.S.C. § 1692 et seq., including but not limited to subsections (d), (e), (f) and (g) in the representations made by the Defendants are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of her legal rights as required by law.

46. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, Defendants are liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendants herein.

## VI. ALLEGATIONS OF LAW

47. Defendants violated the FDCPA. Defendants' violations include, but are not limited to the following: d, e, f and g.

    i. Defendants violated 15 U.S.C. § 1692d by harassing, oppressing and/or abusing the consumer by employing unfair tactics in attempt to collect a debt;

    ii. Defendants violated 15 U.S.C. § 1692e by utilizing false, deceptive and misleading representation to collect a debt;

    iii. Defendants violated 15 U.S.C. § 1692e(2) by making false and misleading representations in connection to the character, amount and legal status of an alleged debt;

    iv. Defendants violated 15 U.S.C. § 1692f by utilizing unfair tactics to collect an alleged debt;

    v. Defendants violated 15 U.S.C. § 1692f (1) by attempting to collect an amount not permitted by law;

    vi. Defendants violated 15 U.S.C § 1692g by failing to send the consumer a 30-day notice within five days of its initial communication with the consumer.

48. To the extent that the Defendants attempted to collect a debt from Plaintiff even though Defendants knew or should have known that Plaintiff did not owe the underlying debt, Defendants' actions also violated New York State Statutes prohibiting Deceptive Acts and Practices.  *See* New York State Code Article 22-A. § 349.

## VII. CLASS ALLEGATIONS

49. The causes of action are brought on behalf of Plaintiff and the members of a class.

50. The class consists of all persons within the New York State whom Defendants or its agents failed to validate debts allegedly owed by consumers within the past year prior to the filing of this Complaint.

51. Defendants and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

52. Plaintiff and members of the Class were further harmed by the acts of Defendants in at least the following ways: Defendants intentional made false and misleading representations in connection to the character, amount and legal status of an alleged debt; Defendants intentionally attempted to collect amounts not permitted by law; Defendants failed to validate debts allegedly owed by consumers after their intial communication with consumers.

53. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

54. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendants records or its agents' records.

55. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following: (a) whether, within the one year prior to the filing of this Complaint, Defendants or their agents failed to validate alleged debts after its initial communications with Plaintiff or class members, (b) whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and (d) whether Defendants and their respective agents should be enjoined from engaging in such conduct in the future.

56. Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

57. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

58. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Fair Debt Collection Practices Act.

59. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and state law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

60. Defendants has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## COUNT I

### Violation of § 1692d of the FDCPA – Any conduct the natural consequence of which is to harass, oppress, or abuse any person

61. Plaintiff adopts and realleges the foregoing as fully stated herein.

62. Section 1692d of the FDCPA prohibits a debt collector from using any conduct which the natural consequence of which is to harass, oppress or abuse any person. *See*, *15 U.S.C. § 1692d.*

2. Defendants' violation of §1692d of the FDCPA, include, but are not limited to, failing to send Plaintiff notice of her right to dispute the debt within 30 days and seeking to collect fees and costs not authorized by a contract or law.

63. Defendants' violation of §1692d of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See*, *15 U.S.C. §1692k*.

64. By failing to give Plaintiff the right to dispute the debt and seeking to collect unauthorized fees and costs, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress and humiliation.

65. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of §1692d of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, anxiety and humiliation as a result of Defendants' abusive attempts to collect a debt.

66. Defendants' violation of § 1692d of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See*, *15 U.S.C. §1692k(a)(1).*

67. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged

to be owed by her, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT II

### Violation of § 1692e Of the FDCPA – Any other false, deceptive, or misleading representation or means in connection with the debt collection

68. Plaintiff adopts and realleges the foregoing as fully stated herein.

69. Section 1692e of the FDCPA prohibits a debt collector from using any other false, deceptive, or misleading representation or means in connection with the debt collection. *See*, 15 U.S.C. *§1692e*.

70. Defendants' violation of §1692e of the FDCPA, include, but are not limited to, failing to send Plaintiff notice of her right to dispute the debt within 30 days and seeking to collect fees and costs not authorized by a contract or law.

71. Defendants' violation of §1692e of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. *§1692k*.

72. By failing to give Plaintiff the right to dispute the debt and seeking to collect unauthorized fees and costs, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress and humiliation.

73. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of §1692e of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, anxiety and humiliation as a result of Defendants' abusive attempts to collect a debt.

74. Defendants' violation of § 1692e of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k(a)(1).*

75. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT III

### Violation of § 1692e(2) Of the FDCPA – False or misleading representations in communications regarding character, amount or legal status of the alleged debt

76. Plaintiff adopts and realleges the foregoing as fully stated herein.

77. Section 1692e(2) of the FDCPA prohibits a debt collector from misrepresenting the character, amount or legal status of an alleged debt to attempt to collect any amount not authorized by the agreement creating the debt or permitted by law. *See, 15 U.S.C. § 1692e(2).*

78. Defendants' violations of § 1692e(2) of the FDCPA, include, but are not limited to, seeking to collect fees and costs not authorized by a contract or law by attempting to collect fees and/or costs that were not actually incurred by Defendant.

79. Defendants' violations of § 1692e(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

80. By failing to give Plaintiff the right to dispute the debt and seeking to collect unauthorized fees and costs, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress and humiliation.

81. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692e(2) of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, anxiety and humiliation as a result of Defendants's abusive attempts to collect a debt.

82. Defendants' violations of § 1692e(2) of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k(a)(1).

83. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT IV

### Violation of § 1692f Of the FDCPA – any unfair or unconscionable means to collector attempt to collect the alleged debt

84. Plaintiff adopts and realleges the foregoing as fully stated herein.

85. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect the alleged debt. *See*, 15 U.S.C. § *1692f.*

86. Defendants' violations of §1692f of the FDCPA, include, but are not limited to, failing to send Plaintiff notice of her right to dispute the debt within 30 days and seeking to collect fees and costs not authorized by a contract or law.

87. Defendants' violations of §1692f of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. *§1692k*.

88. By failing to give Plaintiff the right to dispute the debt and seeking to collect unauthorized fees and costs, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress and humiliation.

89. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692f of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, anxiety and humiliation as a result of Defendants' abusive attempts to collect a debt.

90. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT V

### Violation of § 1692f(1) Of the FDCPA – Any collection or attempt to collect any amount not authorized by the agreement creating the debt or permitted by law

91. Plaintiff adopts and realleges the foregoing as fully stated herein.

*92.* Section 1692f(1) of the FDCPA prohibits a debt collector from using any unfair means to attempt to collect any amount not authorized by the agreement creating the debt or permitted by law. *See*, 15 U.S.C. *§ 1692f(1).*

93. Defendants' violations of § 1692f(1) of the FDCPA, include, but are not limited to, seeking to collect fees and costs from the Plaintiff not authorized by a contract or law. Defendants' actions are clearly not permitted by law.

94. Defendants' violations of § 1692f(1) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. *§ 1692k.*

95. By seeking to recover unauthorized fees and costs, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress and humiliation.

96. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692f(1) of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, anxiety and humiliation as a result of Defendants' abusive attempts to collect a debt.

97. Defendants' violations of § 1692f(1) of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k(a)(1).

98. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT VI

### Violation of § 1692f(g) Of the FDCPA – Failure to send the consumer a 30-day validation notice within five days of the initial communication

99. Plaintiff adopts and realleges the foregoing as fully stated herein.

100. Section 1692g of the FDCPA requires a debt collector to send a notice to a consumer within 5 days of the initial communication that they have 30 days to dispute the debt and request validation of the debt. *See,* 15 U.S.C. § 1692g.

101. Defendants' violation of §1692g of the FDCPA, include, but are not limited to, failing to send Plaintiff a 30-day validation notice within five (5) days of the initial communication.

102. Defendants' violation of §1692g of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

103. By failing to send Plaintiff a 30-day validation notice within five (5) days of the initial communication, thus failing to give Plaintiff the right to dispute the debt, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress and humiliation.

104. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692g of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

105. Defendants' violation of § 1692g of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. See 15 U.S.C. § 1692k(a)(1).

106. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged

to be owed by her, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT VII
### Violations of the New York General Business Law § 349

107. Plaintiff adopts and realleges the foregoing as fully stated herein.

108. Under New York General Business Law §349(a), deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

109. Defendants' violations of § 349(a) of the NY GBL, include, but are not limited to, failing to send Plaintiff notice of her right to dispute the debt within 30 days and seeking to collect fees and costs not authorized by a contract or law.

110. Defendants' violations of § 349(a) of the NY GBL render it liable for statutory damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h).

111. By intentionally failing to give Plaintiff the right to dispute the debt and seeking to collect unauthorized fees and costs, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress and humiliation.

112. As a direct and proximate result of Defendants' conduct committed in violations of § 349(a) of the NY GBL, Plaintiff was damaged in that she, among other things, suffered emotional distress, anxiety and humiliation as a result of Defendants' abusive attempts to collect a debt.

113. Defendants' violations of § 349(a) of the NY GBL render them liable for actual damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h).

114. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her, by engaging in behavior which is harassing or abusing to Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## PRAYER FOR RELIEF

Plaintiff, Masika Ducreay prays that this Court:

a. Grant an order certifying the proposed class herein under Federal Rule 23 and appointing Plaintiff and his undersigned counsel of record to represent same;

b. Create a common fund available to provide notice of and remedy Defendants' violations;

c. Declare that Defendants violated the FDCPA;

d. For an award of actual and treble damages pursuant to 15 U.S.C. § 1692k against Defendants and for Plaintiff;

e. Enter judgment in favor of Plaintiff and against each and every Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;

f. Declare that the Defendants violated the NY GBL;

g. Enter judgment in favor of Plaintiff and against each and every Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 349(h) of the NY GBL.

h. Enter judgment enjoining Defendants from collecting or attempting to collect any debt alleged to be owed by Plaintiff,

i. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Masika Ducreay demands trial by jury.

Respectfully submitted,

Dated: May 31, 2018

*[signature]*

**LAW OFFICE OF ABEL L. PIERRE,
ATTORNEY-AT-LAW, P.C.**

Attorney I.D.#AP-5508
140 Broadway, 46th Floor
New York, New York 10005
Telephone:  (212) 766-3323
Facsimile:  (212) 766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**